**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2016[*]
Decided July 25, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-2912

| | |
|---|---|
| WYNSTON DAY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 14-cv-00971-MJR-SCW |
| | |
| STACI ARBUCKLE, et al., | Michael J. Reagan, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Wynston Day, an Illinois prisoner, appeals the grant of summary judgment for the defendant prison officials in this civil-rights suit on grounds that he failed to exhaust administrative remedies. We affirm the judgment.

Day brought this suit under 42 U.S.C. § 1983, asserting primarily that a nurse and two correctional officers at Lawrence Correctional Center acted with deliberate indifference to his serious medical needs. He alleged, for instance, that while he was on suicide watch, a nurse facilitated his suicide attempt through overdose by allowing him to hoard medication. When he reported this attempted overdose, allegedly a guard ignored him.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

The following month he tried to overdose again, and his subsequent efforts to inform two guards of the attempt either went ignored or prompted taunts against him. Around this time, Day added, a third correctional officer used excessive force against him. This officer allegedly taunted him and on one occasion intentionally slammed the cell door's chuckhole on his hands, which he had been instructed to stretch out for handcuffing.

Day further alleged how his efforts to grieve his complaints to institutional authorities were thwarted. As he described in his complaint, he sent an emergency grievance to the warden on March 25 but received no response. One week later, on April 2, he filed a regular grievance with the grievance counselor, but this too went unanswered. Soon thereafter he sent a grievance straight to the Administrative Review Board (ARB) and addressed letters about the prison's unresponsiveness to the then-director of the Illinois Department of Corrections and Lawrence's head of grievance counselors. The ARB returned his grievance, informing him that he needed first to obtain responses to his initial grievances from the grievance counselor, the grievance officer, and the warden.[1]

The defendants moved for summary judgment based on Day's failure to exhaust his administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a). They argued that the prison's grievance records from the relevant period show that Day filed only one grievance, on March 6—and that this grievance did not relate to the incidents described in the § 1983 complaint. Moreover, according to the defendants, a search of the ARB's records reflected that another of Day's grievances had been returned because he did not first obtain the requisite responses to his initial grievances from officers at the facility.

Day responded by maintaining that he submitted grievances which went unanswered.

Whether Day complied with the prison's grievance process, and thereby exhausted his administrative remedies, was the subject of an evidentiary hearing conducted by a magistrate judge, *see Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Day testified that he put his grievances "in the door to be picked up" by officers. But a grievance counselor also testified that if he had received a grievance or complaint about an unanswered grievance, he would have made a notation in the prison's grievance-record system. And there was no record of the grievances that Day said he submitted, testified another grievance counselor.

---

[1] Day supplemented his complaint with copies of the grievances and letters that he said he sent, as well as the response from the ARB, but he did not attach the March 25 emergency grievance, of which he said he had not made a copy before sending.

In a report and recommendation, the magistrate judge recommended that summary judgment be granted because the testimony of Day's grievance counselor that he had not received any grievances from Day was more credible than Day's testimony that prison officials thwarted his attempts to exhaust his remedies. The judge also spotlighted the ways in which the grievances Day attached to his complaint did not match his account of his attempts to exhaust. None of the attached grievances, for instance, bore a date matching the days Day alleged that he had submitted grievances, and the attached grievances bearing a March date "should not exist" because he had denied in his complaint ever making a copy of his March grievance. Moreover, Day—in another lawsuit he filed in the Central District against prison officials at a different facility—had similarly alleged deliberate indifference and an "identical stream of obstruction."

Day objected to the magistrate judge's report and recommendation, but the district judge adopted it in its entirety and granted summary judgment for the defendants. Agreeing with the magistrate judge that Day's testimony and documentary evidence were internally inconsistent, the district judge found no basis to overturn the magistrate judge's credibility findings, particularly when the magistrate judge was able to observe the testimony of both Day and the grievance counselor, who reported never receiving any of Day's grievances.

On appeal Day challenges the district court's decision to credit the grievance counselor's testimony over his own. We review this finding for clear error, *see* FED. R. CIV. P. 52(a)(6); *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011), though we've remarked that "determinations of witness credibility can virtually never be clear error," *United States v. Biggs*, 491 F.3d 616, 621 (7th Cir. 2007) (internal quotation marks and citation omitted). The magistrate judge's determination was not clearly erroneous because it was based on a permissible inference from the record, which lacked any evidence that a grievance counselor had received Day's grievances or that Day ever had complained to the counselor about not receiving responses.

AFFIRMED.